Tucker, P.
delivered the opinion of the court. The first question in this case, arises on the bill of exceptions to the opinion of the court, admitting, as evidence to go to the jury, the record of ttie proceedings in the case of Atkinson Sf Co. against Clemens, surviving partner of the former firm of Clemens Sf Ray. In order to determine *601 the admissibility of this record, wo must look to the character of the bond on which the suit is brought. It is a bond executed by Thomas Ray to Clemens, for his indemnification against the creditors of the firm of Clemens f Ray, which Joseph Ray, the deceased partner, had bound himself to discharge. By it the defendant, Thomas Ray, bound himself to pay off and discharge the debts “ so that the said Clemens be saved harmless in all the transactions of the said firm.” Whatever, therefore, goes to shew, that he was not saved harmless, whatever proves that he was damnified by reason of “ the transactions of the said firm,” is proper evidence to establish a breach of the condition, and to prove the plaintiff’s right of action. Now, it is to be observed, that the exception is to the admissibility, not to the sufficiency, of the evidence; and, therefore, if, on any ground or for any purpose, the evidence was admissible, there is no error in the opinion of the court permitting it to go to the jury. If so, then it would seem very clear, that the record is admissible to prove the fact, that the plaintiff had been vexed and damnified by action, on account of the transactions of the firm, and that, therefore, the defendant had not saved hifn harmless. The effect of this evidence might be avoided, indeed, by shewing that the judgment was obtained per f-audem; but the fact that the party was sued and judgment recovered against him, was one link in the chain of facts, to shew that the plaintiff was damnified. Murrell v. Johnson's adm'r, 1 Hen. & Munf. 450. and the authorities cited by Tucker, .1. It was not of itse'lf indeed sufficient to maintain the action ; for it was still incumbent on the plaintiff to prove, that the firm of Clemens Sf Ray was in fact indebted to Atkinson Co. But it was a necessary fact to be proved, in order to entitle the plaintiff to recover. For the condition is to pay the debts “so as to save the plaintiff harmless.” The essence of the contract was the indemnity, not the pay *602 ment of the debts; for if the debts never had been paid, yet if Clemens never was sued or compelled to pay, nor was otherwise damnified, he had no cause of action. It was not enough, then, to shew, that there was a debt which was left unpaid, but it was necessary to shew also, that, by reason of it, Clemens was injured. This was proved by shewing, that he was sued, and that judgment was rendered against him; and that thereby, he was, in the language of his declaration, forced and obliged to pay the debt. Whether it was a just debt or not, was to be established by evidence independent of that record.
It was contended, however, that the record is not evidence, because there was a submission to arbitration in the case, and an award made upon the mutual examination of the parties themselves. This would, indeed, be a grave objection, if the record had been admitted to be evidence of the existence of the debt. It may well be questioned, whether in that aspect, it would have been even prima facie evidence of the justice of the demand of Atkinson Sf Co. though there had been a trial in the regular course of law, and a verdict by a jury thereupon. For the defendant was no party to that suit, nor was he a privy; and he was in nowise bound to subject himself to the decision of any suit between the creditors of Clemens & Ray and Clemens. The case is, herein, unlike that of Buford v. Buford, 4 Munf. 241. for there the plaintiff had been surety for the defendant, and had been sued as surety, and judgment recovered against him, and the debt paid: the fact of the recovery was all that was necessary to be shewn, after proof that the plaintiff had executed bond together with the-defendant as his surety: the justice of the demand could not be controverted by the latter, because, whether just or unjust, he was liable to refund to his surety, who had been compelled to pay. But in this case, the justice of the demand is essential to be proved, in-order to charge *603 the defendant; for he has only bound himself to pay the debts of the firm, and is not bound to indemnify Clemens any farther than by payment of them. Nor is this case entirely like that of the creditors of an estate and the executors; for the executors being trustees for the creditors, and others interested, there is a privity between them; and, therefore, where an executor pleads plene administravit, except enough to satisfy an outstanding judgment, the creditor plaintiff cannot reply that the debt was not a just debt, for the judgment .is prima facie evidence of its justice; but he must reply judgment per fraudem, and unless he can shew that the judgment was obtained by collusion and fraud, and that the debt was a just one, he will be barred. See Williams’s Law of Ex’ors, 1204-6-7.
From this view of the matter, it is obvious, that the manner in which this judgment was obtained, is unimportant in reference to the only point for which it is at all admissible. As it was not evidence of the fact of the indebtedness of Clemens SfRay, but merely of the fact that the plaintiff was sued on account of the transactions of the partnership, and so damnified, it is entirely immaterial, how the parties proceeded to ascertain the justice or the extent of the demand.
It follows from what has been said, that the defendant was liable to the costs of the suit of Atkinson Co. against Clemens; for he was bound to protect the plaintiff from suit for any just demand, and the jury having found for the plaintiff, we are bound to presume the justice of the debt was proved by proper evidence. It may not be amiss to add, that the right to demand these costs, furnished of itself, a sufficient ground for introducing the record.
As to the verdict, I think the cases of Mackey v. Fuqua, 3 Call 19. and Boatright v. Meggs, 4 Munf. 145. sufficiently sustain it. This case is stronger than those ; for the second plea here is not a good one, since it only *604 answers to part of the breaches assigned, and the issue . . f . ... . . ’ . . upon it being immaterial, the omission or the jury to find upon it, would not have been fatal. If any thing not material is put in issue on the defendant’s plea, a verdict for the plaintiff is good, though it be silent as to that immaterial issue. 7 Bac. Abr. Verdict. K. 16. 17.
Judgment affirmed.